(Reap. Dec. 8739)

UNITED STATES v. MIDTOWN NOVELTY CO.

Entry No. 847059.

(Decided January 31, 1957)

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the plaintiff.
*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement involves several items of costume jewelry exported from Italy and entered at the port of New York. The parties have agreed that there is no dispute concerning the statutory elements of principal market, usual wholesale quantities, and ordinary course of trade, the sole issue being as to the *per se* values of the merchandise. Specifically, the question before me is whether the *per se* values are $2.10 per dozen for the articles with clasps, and $2 per dozen for the unclasped articles, as entered and appraised; or whether such values are $2.70 per dozen and $2.60 per dozen, respectively, as claimed by the Government in this collector's appeal for reappraisement.

The customs examiner, who examined the shipment in question, was the sole witness. The substance of his testimony is as follows: Entry was made on the basis of a commercial invoice, which contained a statement that the invoice "values were the prices for merchandise at that time, and there were no other values." Customs examination of the merchandise disclosed nothing to indicate it was "other than regular merchandise, other than as ordered." Appraisement was, therefore, made at the values set forth on the commercial invoice. Subsequent information, including receipt of the consular invoice, revealed that the prices "shown on the commercial invoice reflected a concession made by the shipper to the importer after threat of cancellation for late delivery" and that, at the time of exportation of the present merchandise, the foreign exporter's price was $2.70 per dozen for the articles with clasps and $2.60 per dozen for the unclasped articles. The customs examiner concluded his direct testimony with a statement to the effect that, if the information that came before him subsequent to appraisement were known to him at the time of entry of this merchandise, he would have advisorily appraised the articles at the higher values claimed herein by plaintiff.

The uncontradicted evidence, as hereinabove outlined, is sufficient to establish that the proper basis for appraisement of the present merchandise is export value, as defined in section 402 (d) of the Tariff Act of 1930—the foreign value being no higher—and that such statutory value is $2.70 per dozen for the articles with clasps and $2.60 per dozen for the unclasped articles, and I so hold. Judgment will be rendered accordingly.